UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARRIE SINGLETON                                    CIVIL ACTION

VERSUS                                                   NO. 15-2132

ENTERGY OPERATIONS, INC.                    SECTION "R" (2)


## <u>ORDER AND REASONS</u>

Plaintiff Carrie Singleton moves the Court to extend the discovery deadline and the deadline for dispositive and non-evidentiary pretrial motions.[1] Plaintiff requests these extensions to depose Jay Oliver and Barry Williams. Defendant Entergy Operations, Inc., opposes plaintiff's motion.[2] In the alternative, defendant consents to extensions of the discovery and dispositive motions deadlines if the Court resets the trial date.[3] Because the Court finds that plaintiff has not shown good cause to extend the pretrial deadlines, the Court denies the motion.

---

[1]  R. Doc. 37.
[2]  R. Doc. 40 at 4.
[3]  *Id.* at 5.

## I.    BACKGROUND

This is a Title VII case, in which plaintiff alleges that defendant unlawfully terminated and retaliated against her because of her race.  Trial in this matter was originally set for November 7, 2016.  The Court has reset the trial date twice, and trial is now set for December 4, 2017.  The Court has reset pretrial deadlines four times.  In its most recent scheduling order, the Court extended the discovery deadline to August 19, 2017, solely to allow plaintiff to depose Oliver and Williams.[4]  The Court noted that plaintiff had failed to show good cause for any further extension of the discovery deadline.  The Court also extended the deadline for dispositive and non-evidentiary pretrial motions to September 19, 2017, but made clear that the current trial date would not be disrupted.

Plaintiff filed this motion to extend pretrial deadlines—her fifth such motion—on August 18, the day before the discovery deadline.[5]  Plaintiff again requests additional time to depose Oliver and Williams.  According to plaintiff, the parties tentatively scheduled these depositions for August 16, but defendant's counsel informed plaintiff shortly beforehand that Oliver was on vacation until August 20.  Neither deposition went forward.  Plaintiff

---

[4]      R. Doc. 36.
[5]      R. Doc. 37.

now moves the Court to extend the discovery deadline to September 15 and the dispositive and non-evidentiary pretrial motions deadline to October 6.

In opposing plaintiff's motion, defendant contends that plaintiff is at fault for delaying discovery.[6]  For example, defendant states that plaintiff canceled the August 16 depositions without providing any excuse or reason. Defendant further asserts that plaintiff has failed to show why these depositions are necessary.  According to defendant, plaintiff intends to question Williams about the lesser discipline he experienced.  Because Williams and plaintiff are of the same race, however, defendant argues that any differential treatment does not support plaintiff's racial discrimination claim.  Defendant also states that Oliver, the union steward, was not involved in the decision to terminate plaintiff.  Although defendant's primary position is that plaintiff's motion should be denied, defendant alternatively consents to extending pretrial deadlines if the trial date is also reset.[7]

## II.   DISCUSSION

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order."

---

[6]    R. Doc. 40 at 2-4.

[7]    *Id.* at 5.

*Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)).

In *Geiserman*, the Fifth Circuit described four factors to determine whether good cause existed for an untimely designation of expert witnesses: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice. 893 F.2d at 791 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *accord Squyres*, 782 F.3d at 237. The Fifth Circuit has cited the *Geiserman* factors when a party seeks to extend discovery on the eve of the discovery deadline. *See Squyres*, 782 F.3d at 237. Accordingly, the Court will analyze the four *Geiserman* factors to determine whether plaintiff has shown good cause for

her request to extend the discovery deadline and the deadline for dispositive and non-evidentiary pretrial motions.

With regard to the first factor, plaintiff has not provided a convincing explanation for her failure to comply with the scheduling order. Plaintiff has already asked for, and received, four extensions of the discovery deadline. Plaintiff contends that a further extension is necessary to allow her to depose Oliver and Williams. But plaintiff has failed to explain why she could not conduct these depositions within the Court's existing deadlines. In its previous scheduling order, the Court gave plaintiffs a month to conduct two depositions. Plaintiff neither noticed these depositions nor subpoenaed the witnesses. Thus, the first *Geiserman* factor weighs against the extension of the pretrial deadlines. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 494 (S.D. Tex. 2009) (finding that a party's "lack of diligence with regard to scheduling [a] witness's deposition precludes it from having the opportunity to depose th[e] witness outside of the discovery period").

As to the second factor, plaintiff does not articulate why either Oliver's or Williams's testimony is important. Defendant argues that Oliver's testimony is not important because Oliver was not involved in plaintiff's termination, and that Williams's testimony will not help plaintiff because Williams is not a suitable comparator. As the party seeking modification of

the Court's scheduling order, plaintiff bears the burden of demonstrating good cause. *See Squyres*, 782 F.3d at 237. Given plaintiff's failure to explain the importance of the depositions and defendant's arguments against their importance, the second factor weighs slightly against extension of the pretrial deadlines. *See Complete Prop. Res., LLC v. City of New Orleans*, No. 04-3267, 2006 WL 197006, at *2 (E.D. La. Jan. 25, 2006) (denying leave to file untimely expert report because "[w]hile plaintiff's damages may be of importance to its case, plaintiff has not established that an expert is necessary").

As to the third *Geiserman* factor, the proposed extensions would prejudice defendant in two ways. First, defendant would have to expend time and resources on depositions it opposes. *See Hernandez*, 617 F. Supp. 2d at 497 ("Whenever additional depositions are conducted, both parties must expend additional resources and invest time in conducting them. Thus, prejudice generally results to the party opposing additional depositions."). Second, defendant has already filed a motion for summary judgment without the benefit of the deposition testimony. *See O'Neal v. Cargill, Inc.*, No. 15-7183, 2016 WL 7407177, at *2 (E.D. La. Dec. 22, 2016) ("[G]ranting the motion would be highly prejudicial to Cargill, which has complied with its obligations under the court's scheduling order and the Federal Rules of Civil

Procedure and filed a well-supported, timely motion for summary judgment.").  The proposed extensions would also prejudice both parties in light of the approaching trial date.  Unless the Court resets the trial date, the parties would have to prepare for trial while awaiting the Court's decision on dispositive motions.  The third factor therefore weighs against extension of the pretrial deadlines.

Finally, turning to the fourth *Geiserman* factor, the Court finds that continuing the pretrial deadlines as well as the trial itself would cure some, though not all, of the prejudice described earlier.  Resetting the trial date, as defendant proposes, would mitigate the prejudice of preparing for trial while awaiting the Court's decision on dispositive motions.  On the other hand, plaintiff's requested extension of the discovery deadline would require defendant to expend additional time and resources regardless of when trial commences.  "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce . . . court imposed scheduling orders." *Geiserman*, 893 F.2d at 792 (citing *Bradley v. United States*, 866 F.2d 120, 126 (5th Cir. 1989)).  Thus, this factor also weighs against extension of the pretrial deadlines.

Because all four *Geiserman* factors weigh against extension of the pretrial deadlines in this case, plaintiff has failed to show good cause to modify the scheduling order.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to extend the discovery deadline and the deadline for dispositive and non-evidentiary pretrial motions.

New Orleans, Louisiana, this __31st__ day of August, 2017.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE