UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARRIE SINGLETON | CIVIL ACTION |
| VERSUS | NO. 15-2132 |
| ENTERGY OPERATIONS, INC. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court are defendant Entergy Operations, Inc.'s motion for summary judgment[1] and plaintiff Carrie Singleton's motion for voluntary dismissal with prejudice.[2] For the following reasons, plaintiff's motion is granted, and defendant's motion is denied as moot.

## I.  BACKGROUND

This is a Title VII case, in which plaintiff alleges that defendant unlawfully terminated and retaliated against her because of her race. Plaintiff, who is black, was employed as a security officer at defendant's nuclear plant in St. Charles Parish, Louisiana.[3] During a training activity on October 7, 2013, plaintiff purportedly pointed her handgun at other

---

[1]  R. Doc. 41.
[2]  R. Doc. 53.
[3]  R. Doc. 1 at 2 ¶¶ 5-6.

employees, a violation of a safety rule.[4] Defendant terminated plaintiff's employment shortly thereafter.[5] Plaintiff alleges that white employees who committed similar safety infractions were not terminated.[6] After she filed a charge of discrimination with the EEOC on November 20, 2013, and received a right-to-sue letter on March 20, 2015, plaintiff brought suit on June 15, 2015.[7]

Defendant moved for summary judgment on August 29, 2017.[8] Plaintiff did not oppose this motion; instead, she moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).[9] In response to plaintiff's motion, defendant agreed that the action should be dismissed with prejudice, but requested that the Court either (1) rule on the (unopposed) summary judgment motion, or (2) grant plaintiff's motion to dismiss with prejudice and award costs to defendant.[10]

---

[4] *Id.* at 3 ¶ 11.
[5] *Id.* at 3 ¶ 14.
[6] *Id.* at 3 ¶¶ 15-16.
[7] *Id.* at 3-4 ¶ 17.
[8] R. Doc. 41.
[9] R. Doc. 53.
[10] R. Doc. 54.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to dismiss her claims "only by court order, on terms that the court considers proper."[11] "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

A dismissal with prejudice generally does not legally harm the defendant. This is because dismissal with prejudice operates as "a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)). Moreover, "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . . is clearly the prevailing party and should ordinarily be entitled to costs." *Id.*; *see also* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party.").

Here, dismissal with prejudice would not legally harm defendant. Defendant first contends that it has spent considerable time and resources

---

[11] Plaintiff cannot dismiss this action by right under Rule 41(a)(1) because defendant has filed both an answer and a summary judgment motion and has not stipulated to dismissal.

3

on its summary judgment motion. It is true that "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). But the timing of a plaintiff's voluntary dismissal bears only on dismissal *without* prejudice, which subjects the defendant "to the potential of additional litigation expenses." *Schwarz*, 767 F.2d at 129. When the plaintiff seeks to dismiss *with* prejudice, the defendant will not have to expend additional resources in a separate litigation related to the same claim. Defendant also notes that it has defended this case, which it views as frivolous, for over two years. For this reason, defendant argues, it deserves a judicial finding that there is no evidence of race discrimination in this case. But dismissal with prejudice is a final adjudication on the merits; thus, "defendant receives all that [it] would have received had the case been completed." *Id.* The Court therefore grants plaintiff's motion for voluntary dismissal with prejudice.

Because plaintiff has voluntarily dismissed her claims against defendant, the Court need not reach the merits of defendants' motion for summary judgment. With regard to costs, the Court directs the parties to

4

follow the procedures described in Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for voluntary dismissal. The Court DENIES defendant's motion for summary judgment as moot. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___16th___ day of October, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE